■ MARYLIN ROGERS et al., Appellants, et al., Plaintiffs, v. GLASSMAN MEMORIAL HOME, INC., et al., Respondents. (And Another Action.) — Judgment of the Supreme Court, Queens County, dated February 7, 1966, reversed, on the law, insofar as it is in favor of defendants Glassman Memorial Home, Inc., and Jack Fireozan and, as against said respondents, the action is severed and a new trial is granted, with costs to abide the event. No questions of fact have been considered. Said judgment is affirmed insofar as it is in favor of the other respondents, with one bill of costs to them jointly. In our opinion, plaintiff Marylin Rogers' testimony that the automobile in which she was a passenger was struck in the rear by a vehicle owned by defendant Glassman Memorial Home, Inc., and operated by defendant Fireozan was sufficient to impose a duty of explanation upon those defendants (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132, 135–136; *Carter* v. *Castle Elec. Contr. Co.*, 26 A D 2d 83, 85). Her testimony as to the conduct of the other respondents indicates (1) that she was in a position to testify as to negligent acts on their part if such acts existed and (2) that they were not negligent. As to them, therefore, the judgment is affirmed. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.